# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHELSA HILL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IRBY CONSTRUCTION COMPANY, )<br>)<br>Defendant. ) | Case No. 4:23-cv-01289-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Transfer Venue. Doc. [14]. In its Motion, Defendant requests that, pursuant to 28 U.S.C. § 1404(a), the Court transfer this action to the United States District Court for the Southern District of Mississippi. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Plaintiff opposes the Motion—or, at least filed Suggestions in Opposition. Doc. [18]. For the reasons explained below, the Court will grant the Motion and transfer this action.

\*   \*   \*

Section 1404(a) "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964)). That is to say, the statute authorizes transfer where, "despite the propriety of the plaintiff's venue selection, the chosen forum [i]s an inconvenient one." *Id.* Section 1404(a) "reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and

(3) the interests of justice." *Saxerud v. T-H Pro. & Med. Collections Ltd.*, 482 F. Supp. 3d 900, 901 (E.D. Mo. 2020) (quoting *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)). These "statutory factors demand 'individualized, case-by-case consideration.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In its Memorandum in Support of its Motion, Defendant makes a strong argument that this action is the archetypical case for transfer under § 1404(a). Both Plaintiff and Defendant are Mississippi citizens. Doc. [15] at 6–8. "[A]ny non-party witnesses in this case," Defendant says, "will be located in or around Richland, Mississippi."[1] *Id.* at 6. And, as far as the interest of justice is concerned, Defendant points out that this Court would not be able to compel the non-party witnesses since they would be more than 100 miles from the Court, see Federal Rule of Civil Procedure 45(c)(1), and points out that there would be no meaningful delay or prejudice to Plaintiff if transfer is granted given the case is still in its nascency.[2]

Despite all these well-taken points, Plaintiff curiously addresses virtually none of them. *See generally* Doc. [18]. Rather, she focuses on why this District is a proper venue for this action. *See, e.g.*, *id.* ¶¶ 11–15. But Defendant does not argue otherwise, and § 1404(a) is made

---

[1] Defendant represents that Plaintiff worked remotely in Missouri during much of her employment with Defendant but would return to Richland, Mississippi every month to complete certain job duties. Doc. [15] at 6. Plaintiff was "the only" employee of Defendant that worked in Missouri. *Id.*

[2] Defendant also notes that Plaintiff only presented claims arising under federal law. Doc. [15] at 7; *see also In re Apple, Inc.*, 602 F.3d 909, 915 (8th Cir. 2010) (noting there is "an appropriateness in holding trial in a diversity case in the venue that is at home with the state law that must govern the case" (internal quotations and citations omitted)). Since briefing on this Motion, Plaintiff has moved to file a First Amended Complaint, which adds claims arising under Missouri law. Doc. [19]. If amendment is allowed, adding these state law claims may weigh in favor of keeping the case in this Court. *See id.* But the Court does not find that this factor alone would tip the balance here. Reinforcing this conclusion is the fact that Plaintiff has not provided analysis on whether Missouri law even applies in this action. *See* Orly Lobel, *Remote Law: The Great Resignation, Great Gigification, Portable Benefits, and the Overdue Reshuffling of Work Policy*, 63 Santa Clara L. Rev. 1, 10 (2022) (pointing out that, in some jurisdictions, "an out-of-state employee working for an employer located in the state cannot succeed in a discrimination lawsuit," but, under other jurisdictions' law, an out-of-state employee may bring a discrimination lawsuit against an employer "even if they were working outside" the jurisdiction); *cf. Schulman v. Zoetis, Inc.*, ___ F. Supp. 3d ___, 2:22-cv-01351-MEF, 2023 WL 4539476, at *1–2 (D.N.J. July 14, 2023) (applying New Jersey's anti-discrimination law to remote out-of-state employee working in New Hampshire).

for situations where a plaintiff's chosen venue is proper. Plaintiff's only argument addressing points relevant to § 1404(a) is that, "[w]ith regard to convenience of the parties, there are a number of virtual platforms and electronic means to utilize in the docketing, scheduling and completion of the discovery process in this case," *id.* ¶ 17, and that "Defendant purposefully availed itself to the privilege of conducting activities in Missouri by registering to do business within the state and employing Plaintiff while she resided in St. Charles, Missouri." *Id.*

## CONCLUSION

Defendant has put forward compelling reasons why the convenience of the parties and the witnesses would be best served by litigating this action in Mississippi. It likewise has shown that transfer would be in the interest of justice. Without more from Plaintiff, the Court sees no reason why this action should not be transferred to the United States District Court for the Southern District of Mississippi. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (explaining that "our adversarial system of adjudication" follows "the principle of party presentation," which relies on "the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue, Doc. [14], is **GRANTED**, and the Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Southern District of Mississippi.

Dated this 4th day of January 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE